[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
These two personal injury actions were consolidated for purposes of trial. The matters were tried to the court. Both arise out of the same motor vehicle accident. The defendants have, on the date of trial, admitted liability and the matters proceeded as a hearing in damages.
The court finds the following facts. On October 26, 1995, the parties were all on State Street in North Haven. The plaintiff Joanne Kerr was stopped at a red light at the intersection with Skiff Street. Susan Jaffe was stopped in line behind her. Jaffe heard a screeching noise and suddenly the car behind her struck her vehicle from behind, forcing the front of the Jaffe vehicle into the rear of the Kerr vehicle. The Jaffe vehicle had front and rear damage repaired for $3,784.34. The Kerr vehicle had property damage of approximately $500.00. She noticed paint chips on her auto but no dents. The vehicle which struck the Jaffe vehicle was driven by George Lavorgna who was the defendant. He is deceased and his Administrator has been substituted as a party in both matters. Both plaintiffs refused an offer of an ambulance to the hospital from the scene of the accident.
KERR
The plaintiff Kerr is 44 years old. She was born May 21, 1956. Her stipulated life expectancy is 36.8 years. At the time of impact in this action, her body was thrust forward. As soon as she alit from her vehicle after the accident she felt sore in her lower back, legs and neck. Her husband came to the scene and drove her home. She took some Tylenol and went to bed. The next day, continuing to feel back and leg pain, Kerr went to her family physician, Dr. Feldman. She was observed to have bruising on her sternum and abdomen and pain in her low back and leg. She denies in court that she had any pain to these areas previous to the accident. Dr. Feldman prescribed her an anti-inflammatory, DayPro. No physical therapy was prescribed at that time. DayPro created gastrointestinal problems for her. Dr. Feldman recommended she see a specialist, who she recalled to be a neurosurgeon, but was indeed, an orthopaedic. She consulted with and treated with Dr. Luchini from November 20, 1995 to June 3, 1996. During that time she had physical therapy and also an MRI in February, 1996. She was told she had muscle spasms. She completed most of her physical therapy by January, 1996. On June 3, 1996 Dr. Luchini discharged her from his care. She felt better CT Page 1843 but complained of occasional discomfort to her back and leg, and continues to the present time.
The plaintiff Kerr missed no employment due to the injuries of this accident. Her present work is as a bookkeeper and sales clerk. She was self-employed at an indeterminate task in 1995. She experienced trouble cleaning the house, vacuuming and playing with her children after the accident, but can't recall for what period.
The plaintiff Kerr had been in a previous motor vehicle accident in 1991, in which she had injured her neck, back, and hand. The court finds that although she had been discharged by her doctor from the care from that accident, right up to the instant accident in October 1995, she still had problems once in a while with her neck and back.
The plaintiff Kerr submitted in proof of her economic damages $3,823.96 in medical bills. The court finds $86.00 in blood work has not been causally related to this matter. She has had medical care of $69.00 with Gastroenterology Associates, $2,956.40 with Dr. Luchini, which included both office visits and physical therapy and $712.56 with St. Vincents Medical Center for the MRI. of these expenses, the court finds, pursuant to the representation at trial that $2457.00 were paid by Kerr's husband's employer as employee benefits which must be repaid, and the balance have been paid directly by the plaintiff herself from her own funds.
The defendants having admitted liability, the court awards the following damages to the plaintiff Kerr as fair, just and reasonable compensation: economic damages in the amount of $3,737.96 and noneconomic damages in the amount of $2,000, for a total of damages in the amount of $5,737.96. The court orders judgment in favor of the plaintiff Kerr in the amount of $5,737.96. Costs shall be taxed.
JAFFE
The plaintiff Susan Jaffe is 44 years old. She was born on December 11, 1956. Her stipulated life expectancy is 36.8 years. She is a single person who works 37.5 hours per week and performs her own household chores including outside work such as raking and shoveling.
When the plaintiff Jaffe's vehicle was hit, she felt a heavy impact and she was thrown around in her vehicle. Her left knee hit the dashboard and her chest was forced forward into the steering wheel. Her vehicle was towed from the scene of the accident. A co-worker took her to work and CT Page 1844 she worked that day and the next day, and then saw a doctor the following day. She was sore and in pain and decided to see a doctor because the pain was not going away. She had pain in her neck, back and knee. The physician, a general practitioner, Dr. Kumar examined her, sent her for x-rays and prescribed her 600 mg. of Motrin and physical therapy. Her knee gradually got better. She went for physical therapy for her neck and back for two to three times per week, from October 31, 1995 to January 11, 1996. She received heat, massage and ultrasound treatment, and traction. She stopped physical therapy because she felt her neck and back were not getting better; she continued to experience pain, particularly in her neck and upper back. She treated with Dr. Kumar periodically during the physical therapy. On May 12, 1997 she returned to Dr. Kumar who determined Jaffe had reached maximum improvement. With reference to any guide, Dr. Kumar determined Jaffe had a 5 percent permanent partial disability to the cervical spine and a 5 percent permanent partial disability to the thoracic spine. Jaffe still has occasional neck and upper back pain and tension. She feels it particularly when she has been raking, shoveling or gardening. She treats herself with ibuprofen and hot showers and baths.
Plaintiff Jaffe submitted as economic damages $1,754 in medical bills. There are $700 to Dr. Kumar's practice at Family Practice and Internal Medicine, PC; $69.00 to Church Street South Lab, and $985 to Physicians Physical Therapy. No lost wages were claimed.
The defendant having admitted liability, the court orders the following as fair, just and reasonable compensation: economic damages of $1,754.00 and noneconomic damages of $8,000.00, for a total of damages in the amount of $9,754.00.
The parties have stipulated that there is a collateral source in the amount of $1,754.00 and, therefore, that sum shall be deducted from the total award. Accordingly, judgment shall enter in favor of the plaintiff Jaffe in the amount of $8,000.00. Costs shall be taxed.
It is so ordered.
Munro, J. CT Page 1845